NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| TYLER SULLIVAN, SR., | : | |
| Plaintiff, | : | |
| | : | Civil No. 20-18681 (RBK/AMD) |
| v. | : | |
| HON. JOHN C. EASTLACK, JR. and THE STATE OF NEW JERSEY, | : | OPINION |
| Defendants. | : | |

**KUGLER**, United States District Judge:

Presently before the Court is Defendants' Motion to Dismiss the Complaint (Doc. No. 12). For the reasons set forth below, Defendants' Motion to Dismiss is **GRANTED**.

I.  BACKGROUND

Plaintiff Tyler Sullivan, Sr. filed suit against New Jersey state court Judge John C. Eastlack, Jr. alleging a violation of his Fourteenth Amendment rights to Equal Protection and Due Process. Although framed as an attempt to seek redress for the deprivation of his constitutional rights, the injuries complained of and relief sought in the Complaint demonstrate that Plaintiff seeks this court's review of a state court decision.

A.  Factual Background

The following factual background is taken from the Complaint. (Doc. No. 3, Am. Compl.). Plaintiff Tyler Sullivan, Sr. ("Plaintiff") brought suit under 42 U.S.C. § 1983 against the State of New Jersey and one New Jersey state court judge alleging deprivation of his Fourteenth Amendment rights to Equal Protection and Due Process.

1

From what the court gathers, Plaintiff filed a restraining order against the mother of his children on March 29, 2020; the state court did not hold a final hearing with respect to that order. In September 2020, Plaintiff sought to have the restraining order dismissed. He had a family emergency at that time that the court failed to plan around; had there been a final hearing, the emergency could have been anticipated and addressed, and he would not have had to seek a dismissal. Subsequently, the mother of Plaintiff's children brought a restraining order against Plaintiff; under that order, Plaintiff is unable to visit or spend time with his children. Plaintiff alleges minor injuries he incurred due to domestic violence, mental distress due to domestic violence, and the emotional injury from being deprived of parental visitation rights. Plaintiff mentions these injuries in his § 1983 complaint form but does not request compensatory relief or any form of money damages. The only relief sought is for this court to vacate or compel the state court to vacate all rulings, orders, and/or provisions that resulted in the deprivation of his constitutional rights.

### B. Procedural History

On December 9, 2020, Plaintiff filed a complaint against Defendants asserting violations of his constitutional rights guaranteed by the Fifth and Fourteenth Amendment under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff subsequently filed an Amended Complaint with an application to proceed in forma pauperis on December 22, 2020 (Doc. No. 3), which this court granted two days later. (Doc. No. 4). On March 22, 2021, Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. No. 12).

## II. STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the court's authority to hear a case. If a case, as presented by the plaintiff, does not meet the requirements of subject matter jurisdiction or if it is otherwise barred by law, then the court must dismiss the plaintiff's action.

The plaintiff generally has the burden of establishing that the court has subject matter jurisdiction. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). The defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). Any motion to dismiss for lack of subject matter jurisdiction filed prior to an answer is, by default, a facial challenge. *Long v. SEPTA*, 903 F.3d 312, 320 (3d Cir. 2018). In a facial challenge, such as here, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If the court cannot conclude, based on face of the complaint, that jurisdictional requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

**III.    DISCUSSION**

Plaintiff seeks to hold Defendants liable for depriving him of his Fifth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983. Defendants, being a state court judge and the State of New Jersey, move to dismiss the Complaint on sovereign immunity grounds under the Eleventh Amendment, the absolute judicial immunity doctrine, and the *Rooker-Feldman* doctrine. Plaintiff did not respond to Defendants' motion. The Third Circuit has instructed that, even where uncontested, a party's motion to dismiss should nonetheless be analyzed on its merits. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

Because the only relief Plaintiff seeks is for this court to change the outcome of the state court, we will address the applicability of the *Rooker-Feldman* doctrine. pThe *Rooker-Feldman* doctrine holds that a federal district court cannot properly exercise subject matter jurisdiction over a case if it would result in "overturn[ing] an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Put differently, this court cannot hear cases that "are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). The *Rooker-Feldman* doctrine prevents a suit from going forward in federal court when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) the judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Id.* at 166 (citing *Exxon Mobil*, 544 U.S. at 284). Requests for federal courts to overturn or change a state court's decision on a restraining order are barred by the *Rooker-Feldman* doctrine. *See, e.g.*, *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 615 (E.D. Pa. 2014) (applying *Rooker-Feldman* doctrine to complaint asking federal district court to change state Protection from Abuse order); *Walker v. Court of Common Pleas*, No. 12-

4

2206, 2013 WL 4647485, at *4-5 (M.D. Pa. Aug. 29, 2013) (same); *Van Tassel v. Lawrence County Domestic Relations Section*, 659 F. Supp. 2d 672, 689-91 (W.D. Pa. 2009) (same).

Here, all *Rooker-Feldman* elements are met. Plaintiff lost in the state court restraining order proceeding. His injuries—physical and emotional harm—arose directly from the state court judgment, seeing as they relate to the restraining order and to the order's effect on his parental rights. The restraining order was rendered before the federal suit was filed. Finally, Plaintiff specifically asks this court to review and reject the state court judgment: "to vacate or compel the state court to vacate all rulings, orders, and/or provisions resulting in the deprivation of any fundamental liberties that are unconstitutional." (Amended Compl., Doc. No. 3). We are not the New Jersey Superior Court Appellate Division; we do not have jurisdiction to provide the review that Plaintiff seeks. Therefore, Plaintiff's claim is dismissed without prejudice for want of subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. An order follows.

Dated: 8/17/2021                                       /s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge